IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Peel, ) | |
| ) | C/A No. 8:21-cv-00665-DCC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Retiree Health Program for FujiFilm ) | **OPINION AND ORDER** |
| Manufacturing U.S.A., Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Retiree Health Program for FujiFilm Manufacturing USA, Inc.'s Motion to Dismiss. ECF No. 5. Plaintiff David Peel filed a Response in Opposition to the Motion, and Defendant filed a Reply to Plaintiff's Response. ECF Nos. 7,8. The Court held a hearing on December 16, 2021, and took the Motion under advisement. ECF No. 15. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**BACKGROUND**

Plaintiff brings this action against Defendant seeking Medical Reimbursement Account ("MRA") benefits under Defendant's Retiree Health Plan ("Plan") governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). ECF No. 1 at 1. Plaintiff was employed with FujiFilm Manufacturing U.S.A., Inc. ("FujiFilm") and was enrolled in the Plan when it was established on April 1, 2009. *Id.* at 2. On April 1, 2010, Plaintiff's employment was involuntarily transferred to Fuji

Holdings America ("FHA") as part of a mandatory U.S. Shared Services Project ("Project") for certain of FujiFilm's employees. *Id.* Although Plaintiff's job title, duties, work schedule, and work location did not change due to the transfer, Plaintiff's participation in the Plan was suspended. *Id.*

Meanwhile, the Plan's terms and eligibility requirements were amended on April 1, 2012 and January 1, 2015. ECF No. 5 at 18. Under the amended Plan,[1] eligible retirees qualified to participate if: they were classified by FujiFilm as a fulltime employee on March 31, 2012; and either (1) they were age 55 or older with at least 15 years of service on December 31, 2014, and retired after 2014 or (2) they first reached age 55 with 15 years of service after 2014, and FujiFilm notified them in writing that it would establish an MRA for them when they retire. *Id.* at 20. The Plan also stated that if an employee transfers from FujiFilm to an affiliated company that does not participate in the program, the employee will lose his benefits under the program, even if he otherwise meets the eligibility criteria. *Id.*

The Project was terminated in 2018, and Plaintiff's employment was transferred back to FujiFilm effective April 1, 2018. ECF No. 1 at 2. Thereafter, Plaintiff asked for his enrollment in the Plan to be reinstated, and FujiFilm denied his request, stating that

---

[1] Although Plaintiff did not attach the Plan to his Complaint, Defendant attached it as an exhibit to the Motion to Dismiss. Because Plaintiff's claim for relief is based on the terms and eligibility requirements of the Plan, the Court can consider it in evaluating the Motion to Dismiss. *Pennington v. Fluor Corp.*, 320 F.Supp.3d 762, 767 (D.S.C. May 30, 2018) ("In [considering a motion to dismiss], a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" (quoting *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012))).

he had been transferred to FHA and was not eligible for reenrollment.  *Id.*  Plaintiff contends that he otherwise satisfies the eligibility criteria but has been denied the MRA benefits to which he is entitled.  *Id.* at 3.

Plaintiff originally filed suit in this Court seeking a declaratory judgment pursuant to ERISA.  *Peel v. Retiree Health Program for FujiFilm Manufacturing, U.S.A, Inc.*, Civil Action No. 8:19-cv-02139-TMC.  Defendant filed a Motion to Dismiss in that case, asserting that Plaintiff was not a plan participant, or alternatively, did not his exhaust administrative remedies under the Plan.  ECF No. 1 at 3.  The Honorable Timothy M. Cain, District Judge for the District of South Carolina, granted the Motion and dismissed the Complaint without prejudice, finding that Plaintiff had not exhausted his administrative remedies.  *Id.*  Consequently, Plaintiff filed a formal claim for MRA benefits, which Defendant denied.  *Id.*  Following exhaustion of his administrative remedies, Plaintiff reinstated his claim for benefits in this Court.  *Id.*

## **APPLICABLE LAW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the

3

complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

Defendant moves this Court to dismiss Plaintiff's Complaint for benefits under ERISA because he has failed to state a plausible claim for relief. ECF No. 5 at 2. Defendant claims Plaintiff does not qualify as a plan participant, and therefore, has no standing to sue for MRA benefits under the Plan. *Id.* Specifically, Defendant argues Plaintiff cannot satisfy the threshold eligibility requirement of being employed by FujiFilm on March 31, 2012, because he had been transferred to employment with FHA on April 1, 2010 and was not transferred back to employment with FujiFilm until April 1, 2018. *Id.* at 5, 10–11. Moreover, Defendant contends Plaintiff has failed to allege any facts that he satisfies the secondary eligibility requirements that he reached age 55 with 15 years of service on or after December 31, 2014, and that he received any written notification from

4

FujiFilm that it would establish an MRA for him upon retirement. *Id.* at 5, 12. Rather, Plaintiff alleges that FujiFilm refused to reenroll him in the Plan upon his reinstatement of employment in April 2018 and indicated that it would not establish an MRA for him. *Id.* at 5; ECF No. 1 at 2.

In contrast, Plaintiff argues that he has stated an actionable claim for benefits upon which relief can be granted against Defendant. ECF No. 7 at 1. Plaintiff asserts that he has satisfied his pleading burden because his Complaint alleges a claim for benefits under the ERISA-governed Plan as a plan participant. *Id.* at 5. In other words, Plaintiff contends that because he alleges that he is a plan participant, his claim for benefits should not be dismissed. Instead, he believes that the appropriate time to determine whether he has satisfied the eligibility criteria for benefits is on cross-motions for summary judgment. *Id.* Regardless, Plaintiff claims that he was a plan participant when the Plan was established on April 1, 2009; that under the original plan, he would have been eligible for the MRA benefit when he became an eligible retiree; and that he was deprived of the benefit to which he would have otherwise been entitled when he was involuntarily transferred to employment with FHA. *Id.* at 5–6. He argues that the restrictive amendment to the Plan limiting eligibility to fulltime employees of FujiFilm on March 31, 2012, was implemented while the Project was in place and constituted an intentional and deliberate effort to prevent transferred employees from participating in the Plan. *Id.* at 6. Further, Plaintiff contends that his allegation in the Complaint that he is an eligible retiree necessarily purports that he has met the age and years of service requirement set forth

in the Plan.  *Id.*  Therefore, Plaintiff requests the Court deny Defendant's Motion to Dismiss.  *Id.* at 6–7.

Alternatively, should the Court find that Plaintiff's Complaint is not sufficiently pleaded, Plaintiff asks the Court to allow him to amend his Complaint to cure any deficiencies.  *Id.* at 7.  Plaintiff argues that dismissal with prejudice would be improper because he still has a viable claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), despite any purported shortcomings in the Complaint.  *Id.*

After careful consideration of the parties' arguments and the terms of the Plan, the Court finds that Plaintiff has failed to state a plausible claim for relief.  It is undisputed that Plaintiff was not a fulltime employee of FujiFilm on March 31, 2012, as required by the Plan to be eligible for MRA benefits.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989) ("In order to establish that he or she may become eligible for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." (internal quotation marks omitted)).  While the Court acknowledges the seemingly inequitable nature of Plaintiff's denial of benefits due to his involuntary transfer to FHA, the Court notes that FujiFilm was well within its rights to transfer Plaintiff's employment and to amend its welfare benefit plan, which ultimately had the effect of disqualifying Plaintiff, and presumably other transferred employees, from participating in the Plan.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995) ("[W]e are mindful that ERISA does not create any substantive entitlement to employer-provided health benefits or any other kind of welfare benefits. Employers and other plan sponsors are generally free under ERISA, for

any reason at any time, to adopt, modify, or terminate welfare plans."); *Gable v. Sweetheart Cup Co.*, 35 F.3d 851, 855 (4th Cir. 1994) ("It is well-established that ERISA does not prohibit a company from terminating or modifying previously offered benefits that are not vested."). Moreover, Plaintiff cannot satisfy the secondary eligibility requirements of the Plan because, even if he continues to work for FujiFilm to this day, he would only have been a fulltime employee of FujiFilm from April 1, 2009 until April 1, 2010, when he was transferred, and then from April 1, 2018, when he was transferred back, until present, constituting at most four years and eight months of fulltime employment with FujiFilm. Accordingly, Defendant's Motion to Dismiss must be granted.

As stated above, Plaintiff requests that this Court allow him to amend his Complaint and cure any deficiencies. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given freely when justice so requires. "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). The Court finds amendment in this case would be futile because, as explained above, the defect cannot be cured.[2] Therefore, Plaintiff's Complaint is dismissed with prejudice.

---

[2] Further, the Court notes that Plaintiff first filed this action on July 31, 2019. *Peel v. Retiree Health Program for FujiFilm Manufacturing USA Inc.*, Civil Action No. 8:19-cv-02139-TMC, ECF No. 1. Plaintiff's Complaint was originally dismissed without prejudice for failure to exhaust his administrative remedies. ECF No. 16. Plaintiff thereafter filed the current action. Accordingly, the Court finds Plaintiff has essentially had "two bites at the apple" already, and "there is no reason to think that a third bite would bear fruit." *Tasciyan v. Med. Numerics*, 2011 WL 6097977, at *5 (D. Md. Dec. 6, 2011); *see Ofoche*

7

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [5] is **GRANTED**, and Plaintiff's Complaint [1] is **DISMISSED** with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 21, 2021
Spartanburg, South Carolina

---

*v. Apogee Med. Grp., Va., P.C.*, 2019 WL 254674, at *4 (W.D. Va. Jan. 17, 2019) (refusing to permit the plaintiff to replead where he failed to plead an actionable claim after two bites at the apple).